1  STUART F. DELERY
   Acting Assistant Attorney General
2  MAAME EWUSI-MENSAH FRIMPONG
   Deputy Assistant Attorney General
3  MICHAEL S. BLUME
   Director
4  LAUREN BELL
   Trial Attorney
5  United States Department of Justice
   Consumer Protection Branch
6  P.O. Box 386
   Washington, D.C. 20044
7  Tel. (202) 353-1991
   Fax: (202) 514-8742
8  Attorneys For the United States of America

9

10              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11  _____
                                       )
12  UNITED STATES OF AMERICA,          )
                                       )
13              Plaintiff,             )    No. 12-cv-1254 LB
                                       )
14         v.                          )
                                       )    STIPULATION FOR ENTRY
15  FUJINO ENTERPRISES, INC.,          )    OF CONSENT DECREE AND
    d/b/a BLUE OCEAN SMOKEHOUSE,       )    WITHDRAWAL OF MOTION
16  a corporation, and ERIKO           )    FOR ENTRY OF DEFAULT JUDGMENT
    FUJINO, an individual,             )    ORDER
17                                     )
                Defendants.            )
18  _____)

19  **STIPULATION FOR ENTRY OF CONSENT DECREE AND WITHDRAWAL OF MOTION**

20              **FOR ENTRY OF DEFAULT JUDGMENT**

21

22      Plaintiff, the United States of America, and Defendants

23  Fujino Enterprises, Inc., d/b/a Blue Ocean Smokehouse, and Eriko

24  Fujino, through their undersigned counsel, hereby respectfully

25  request that the Court withdraw Plaintiff's Motion for Entry of

26  Default (Dkt. 10) and enter as a Final Order the attached

27  Proposed Order of Consent Decree of Permanent Injunction that is

28  signed by both parties.

        IT IS SO STIPULATED.


    Stipulation to Enter Consent Decree; [Proposed] Order - 12-cv-
    1254 LB

1

2

3

4

5                                    Respectfully submitted,

6          STUART F. DELERY
                                     Acting Assistant Attorney General

7          MAAME EWUSI-MENSAH FRIMPONG
                                     Acting Deputy Assistant Attorney
8                                    General

9          MICHAEL S. BLUME
                                     Director
10

11   Dated: August 28, 2012          By: /s/ Lauren Bell
                                     LAUREN BELL
12                                   Trial Attorney
                                     Consumer Protection Branch
13                                   Civil Division
                                     Department of Justice
14                                   P.O. Box 386
                                     Washington, DC 20044
15                                   Tel. (202) 353-1991
                                     Fax  (202) 514-8742
16                                   Lauren.Hash.Bell@usdoj.gov

17                                   Of Counsel:
                                     WILLIAM B. SCHULTZ
18                                   Acting General Counsel

19                                   ELIZABETH H. DICKINSON
                                     Chief Counsel
20                                   Food and Drug Division

21                                   ERIC M. BLUMBERG
                                     Deputy Chief Counsel, Litigation
22
                                     MELISSA J. MENDOZA
23                                   Associate Chief Counsel
                                     United States Department of
24                                   Health and Human Services
                                     Office of the General Counsel
25                                   10903 New Hampshire Avenue
                                     Silver Spring, MD 20993-0002
26                                   Tel. (301) 796-8707

27                                   Attorneys for the United States

28

     Stipulation to Enter Consent Decree; [Proposed] Order - 12-cv-
     1254 LB                    -2-

1

2   Dated: August 28, 2012          By: /s/ _Terence Isobe_

3                                   Terence Isobe
                                    Law Office of Terence W. Isobe
                                    616 Moraga Street, Suite 4
4                                   San Francisco, CA 94122
                                    (415) 731-7921
5
                                    Attorney for Fujino Enterprises
6                                   Inc., and Eriko Fujino

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation to Enter Consent Decree; [Proposed] Order - 12-cv-
1254 LB                              -3-

1  STUART F. DELERY
   Acting Assistant Attorney General
2  MAAME EWUSI-MENSAH FRIMPONG
   Deputy Assistant Attorney General
3  MICHAEL S. BLUME
   Director
4  LAUREN H. BELL
   Trial Attorney
5  United States Department of Justice
   Consumer Protection Branch
6  P.O. Box 386
   Washington, D.C. 20044
7  Tel. (202) 353-1991
   Fax: (202) 514-8742
8  Attorneys For Plaintiff

9
            IN THE UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  _____
                                   )
12  UNITED STATES OF AMERICA,      )
                                   )
13            Plaintiff,           )
                                   )
14       v.                        )    Civil No. _____
                                   )
15  FUJINO ENTERPRISES, INC.,      )
    d/b/a BLUE OCEAN SMOKEHOUSE,   )    CONSENT DECREE OF PERMANENT
16  a corporation, and ERIKO       )    INJUNCTION
    FUJINO, an individual,         )
17                                 )
            Defendants.            )
18  _____)

19       Plaintiff, the United States of America, by its undersigned

20  attorneys, having filed a Complaint For Permanent Injunction

21  ("Complaint") against Fujino Enterprises, Inc., doing business

22  as Blue Ocean Smokehouse, a corporation, and Eriko Fujino, an

23  individual (collectively, "Defendants"), and Defendants having

24  appeared and having consented to the entry of this Consent

25  Decree of Permanent Injunction ("Decree") without contest and

26  before any testimony has been taken, and the United States of

27  America having consented to this Decree;

28       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1     1.  This Court has jurisdiction over the subject matter and

2  over all parties to this action.

3     2.  The Complaint states a cause of action against

4  Defendants under the Federal Food, Drug, and Cosmetic Act,

5  21 U.S.C. § 301 *et seq.* (the "Act").

6     3.  Defendants violate the Act, 21 U.S.C. § 331(k), by

7  causing articles of food, within the meaning of 21 U.S.C.

8  § 321(f), to become adulterated within the meaning of 21 U.S.C.

9  § 342(a)(4), in that they have been prepared, packed, or held

10  under insanitary conditions whereby they may have been rendered

11  injurious to health, while such articles are held for sale after

12  shipment in interstate commerce.

13     4.  Upon entry of this Decree, Defendants represent to the

14  Court that Defendants are not directly or indirectly engaged in

15  receiving, preparing, processing, packing, labeling, holding,

16  and/or distributing any articles of food.  If Defendants later

17  intend to resume any such food operations, other than the types

18  described in paragraph 8 of this Decree, at 205 Yale Avenue,

19  Half Moon Bay, California, or any other location, Defendants

20  must first notify FDA in writing at least ninety (90) calendar

21  days in advance of resuming operations and comply with paragraph

22  5(A)-(C) and 5(E)-(I) of this Decree.  This notice shall

23  identify the type(s) of food Defendants intend to receive,

24  prepare, process, pack, label, hold, and/or distribute, and the

25  facility in which Defendants intend to resume operations.

26  Defendants shall not resume operations until FDA has first

27  inspected Defendants' facility and operations pursuant to

28  paragraph 5(H), Defendants have paid the costs of such

- 2 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

1  inspection(s) pursuant to paragraph 12, and Defendants have

2  received written notice from FDA, as required by paragraph 5(J),

3  and then shall resume such food operations only to the extent

4  authorized in FDA's written notice.

5      5.   Defendants and each and all of their agents,

6  representatives, employees, attorneys, successors, assigns, and

7  any and all persons in active concert or participation with any

8  of them (including individuals, directors, corporations,

9  subsidiaries, affiliates, and partnerships) who receive actual

10  notice of this Decree are hereby permanently restrained and

11  enjoined, under the provisions of 21 U.S.C. § 332(a), and the

12  equitable authority of this Court, from directly or indirectly

13  receiving, preparing, processing, packing, labeling, holding,

14  and/or distributing articles of food, at or from 205 Yale

15  Avenue, Half Moon Bay, California ("the facility"), or at or

16  from any other locations at which Defendants, now or in the

17  future, directly or indirectly receive, prepare, process, pack,

18  label, hold, and/or distribute articles of food, unless and

19  until:

20      A.   Defendants thoroughly clean, sanitize, renovate, and

21  render the facility and all equipment contained therein suitable

22  for use in receiving, preparing, processing, packing, holding,

23  and distributing articles of food, and institute procedures to

24  ensure that the facility and equipment therein continuously are

25  maintained in such condition;

26      B.   Defendants retain, at their expense, a person or

27  persons ("expert") who is without any personal or financial ties

28  (other than the retention agreement) to Defendants or their

- 3 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

families, and who, by reason of background, education, training, and experience, is qualified to:

       1.  Ensure that Defendants comply with the Act, the seafood Hazard Analysis Critical Control Point ("HACCP") regulations, 21 C.F.R. Part 123, and the current good manufacturing practice ("cGMP") requirements for food, 21 C.F.R. Part 110.  The expert's seafood HACCP qualifications shall include, but not be limited to, developing procedures for smoking fish to achieve water phase salt levels that adequately control C. botulinum ("C. bot.");

       2.  Establish an environmental monitoring program for the genus Listeria ("L. spp.");

       3.  Develop and conduct employee training programs on environmental monitoring for L. spp., and on complying with this Decree, the Act, and 21 C.F.R. Parts 123 and 110; and

       4.  Inspect the facility and establish procedures to ensure that the methods, facilities, and controls are continuously operated and administered in conformity with this Decree, the Act, and 21 C.F.R. Parts 123 and 110.

  Defendants shall notify the United States Food and Drug Administration ("FDA") in writing of the name and qualifications of the expert under paragraph 5(B) within five (5) calendar days of retaining such expert;

    C.  After reviewing all FDA inspectional observation forms ("Form FDA 483s") issued to Defendants at the conclusion of FDA inspections from July 2010 to present and all deficiencies documented by the California Department of Public

- 4 -

1  Health since February 2010, the expert has, in conjunction with

2  Defendants:

3       1.   Developed and implemented, to FDA's

4  satisfaction, an effective program ("Listeria Monitoring

5  Program") for monitoring and testing, at appropriate

6  frequencies, food-contact surfaces, equipment, and other

7  environmental sites where fish is received, prepared, processed,

8  packed, held, and distributed, up to and including final

9  packaging, and common areas that could be reservoirs for cross-

10  contamination, to ensure that the genus L. spp. is controlled

11  within the facility and that Listeria monocytogenes ("L. mono")

12  does not occur in the finished product.  Environmental testing

13  shall be performed by a qualified, independent laboratory in

14  accordance with timetables submitted to and approved in writing

15  by FDA before testing begins.  Defendants further shall ensure

16  that all results of testing conducted pursuant to this paragraph

17  are provided to FDA within two (2) calendar days after receipt

18  by Defendants.  The Listeria Monitoring Program must include a

19  plan for remedial action should L. spp. be detected.  When a

20  sample analysis shows the presence of L. spp. on a food-contact

21  surface, Defendants shall, at a minimum, thoroughly clean and

22  sanitize the facility and equipment and analyze for L. mono all

23  finished product produced since the last negative L. spp.

24  analysis;

25       2.   Conducted hazard analyses for each type of fish

26  and fishery product that Defendants intend to process, in

27  accordance with 21 C.F.R. § 123.6(a);

28

- 5 -

3.  Developed, to FDA's satisfaction, adequate written HACCP plans and associated records, including, but not limited to, all monitoring records required under 21 C.F.R. § 123.6(c)(7).  The HACCP plans shall effectively control food safety hazards reasonably likely to occur for each type of fish and fishery product that Defendants intend to process, in accordance with 21 C.F.R. Part 123, including, but not limited to, the formation of toxin by C. bot. in smoked fish and fishery products and scombrotoxin in tuna and other susceptible fish;

4.  Completed scientific verification studies of the adequacy of critical limits (i.e., the minimum and maximum values of the process) listed in all Defendants' HACCP plans and made changes to the HACCP plans necessitated by the results of the verification studies.  The verification studies for vacuum-packaged, smoked fish and fishery products shall, at a minimum, confirm:

i.  That the critical limits established for vacuum-packaged, hot smoked fish and fishery products are sufficient to consistently achieve a water phase salt level of 3.5% or higher in combination with smoking at 145°F for at least thirty (30) minutes; and

ii.  That the critical limits established for vacuum-packaged, cold smoked fish and fishery products are sufficient to consistently achieve a water phase salt level of 3.5% or higher in combination with smoking at temperatures no higher than 90°F;

5.  Developed, to FDA's satisfaction, adequate written Standard Sanitation Operating Procedures ("SSOPs") in

- 6 -

accordance with 21 C.F.R. § 123.11 that, at a minimum, ensure on
an ongoing basis that Defendants' facility and all equipment
contained therein are clean, sanitized, and suitable for
receiving, preparing, processing, packing, holding, and
distributing articles of food, and that Defendants' operations
comply with the Act and 21 C.F.R. Part 110;

      6.  Established and conducted employee training
programs that include, at a minimum, instruction on implementing
the Listeria Monitoring Program, written HACCP plans and all
associated records (including monitoring records), verification
studies, and SSOPs developed pursuant to paragraphs 5(C)(1)-(5)
and approved by FDA pursuant to paragraph 5(D);

      7.  Submitted to FDA the Listeria Monitoring
Program, written HACCP plans and all associated records
(including monitoring records), verification studies, and SSOPs
developed pursuant to paragraphs 5(C)(1)-(5), and documentation
demonstrating that the expert has trained Defendants and each of
their employees, as described in paragraph 5(C)(7);

      8.  Inspected the facility and the methods and
controls Defendants use to receive, prepare, process, pack,
label, hold, and distribute articles of food to determine
whether Defendants are fully prepared to operate in compliance
with this Decree, the Act, and 21 C.F.R. Parts 123 and 110.  The
expert shall submit all findings, in writing, to Defendants and
FDA concurrently, within ten (10) calendar days of completion of
the inspection(s); and

      9.  Certified in writing to FDA that Defendants'
facility and the methods and controls Defendants use to receive

- 7 -

prepare, process, pack, label, hold, and distribute articles of
food are in compliance with the requirements of this Decree, the
Act, and 21 C.F.R. Parts 123 and 110;

   D.   FDA has approved, in writing, the Listeria
Monitoring Program, written HACCP plans and all associated
records (including monitoring records), verification studies,
and SSOPs developed pursuant to paragraphs 5(C)(1)-(5);

   E.   Defendants assign the responsibility for
implementing and monitoring the FDA-approved HACCP plans to an
individual who has been trained by the expert in the application
of HACCP principles to Defendants' fish and fishery product
processing;

   F.   Within thirty (30) calendar days after entry of
this Decree, Defendants shall destroy, under FDA's supervision
and pursuant to a destruction plan approved in writing by FDA,
all fish and fishery products currently in Defendants' custody,
control, and/or possession;

   G.   Defendants report to FDA, in writing, the actions
they have taken to bring their operations into compliance with
this Decree, the Act, and all applicable regulations, including
the specific measures Defendants have taken to address each of
the deficiencies documented by FDA and the California Department
of Public Health since February 2010;

   H.   FDA, as and when it deems necessary to evaluate
Defendants' compliance with the terms of this Decree, the Act,
and applicable regulations, conducts inspections of the
facility, including the buildings, equipment, utensils, articles
of food, and all relevant records contained therein;

- 8 -

I.  Defendants have paid all costs of supervision, inspections, investigations, analyses, examinations, and reviews for FDA's oversight with respect to paragraph 5, at the rates set forth in paragraph 12 below; and

J.  FDA has notified Defendants, in writing, that Defendants appear to be in compliance with all the requirements specified in paragraphs 5(A)-(C), (E)-(G), and (I) of this Decree, the Act, and 21 C.F.R. Parts 123 and 110.

6.  Immediately upon resuming operations after completing the requirements set forth in paragraph 5, Defendants shall, in consultation with the expert, continuously implement the Listeria Monitoring Program, written HACCP plans and all associated records (including monitoring records), verification studies, and SSOPs developed pursuant to paragraphs 5(C)(1)-(5) and approved by FDA pursuant to paragraph 5(D).  Defendants further shall comply with the following requirements:

A.  Defendants shall have tested a randomly collected, representative sample from every lot of vacuum-packaged, smoked fish product that they process for the first five (5) consecutive production days, and all such samples shall have a water phase salt level that adheres to the critical limits set forth in paragraphs 5(C)(4)(i)-(ii) (hereinafter, "successful compliance");

B.  After successful compliance with subparagraph (A) of this paragraph, Defendants shall have tested a randomly collected, representative sample from one lot of each type of vacuum-packaged, smoked fish product that they process for the next twenty (20) consecutive production days;

- 9 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

C.  After successful compliance with subparagraph (B) of this paragraph, Defendants shall have tested a randomly collected, representative sample from one lot of each type of vacuum-packaged, smoked fish product that they process for each week for the next three (3) months;

D.  After successful compliance with subparagraph (C) of this paragraph, Defendants shall have tested a randomly collected, representative sample from one lot of each type of vacuum-packaged, smoked fish product that they process every three (3) months; and

E.  Defendants shall send copies of the results of tests conducted pursuant to subparagraphs (A)-(D) of this paragraph to FDA within two (2) calendar days after receipt by Defendants.

If any sample analysis conducted pursuant to subparagraphs (A)-(D) of this paragraph shows a water phase salt level that does not adhere to the critical limits set forth in paragraphs 5(C)(4)(i)-(ii), Defendants must start the complete sequence of testing under subparagraphs (A)-(D) of this paragraph again and shall immediately destroy or recondition the lot(s) under FDA's supervision and pursuant to a destruction or reconditioning plan approved in writing by FDA.  Defendants further shall reassess their processing operations to determine the cause of the deviation from the critical limits for water phase salt and revise their HACCP plans accordingly.

7.  Within thirty (30) calendar days of Defendants' resumption of operations after completing the requirements set forth in paragraph 5, the expert shall conduct a comprehensive inspection of the facility and the methods and controls used to

-10-

1   receive, prepare, process, pack, label, hold, and distribute
2   articles of food to determine whether Defendants are operating
3   in compliance with this Decree, the Act, and all applicable
4   regulations.  The expert shall submit a report documenting all
5   findings to Defendants and FDA concurrently, within ten (10)
6   calendar days after completing the inspection.  Thereafter, the
7   expert shall conduct inspections every ninety (90) calendar days
8   for one year, and then every one hundred eighty calendar days
9   (180) for the next two years.  Beginning in the fourth year
10  after the date this Decree is entered, the expert shall conduct
11  inspections annually, unless FDA informs Defendants in writing
12  that more frequent expert inspections and reporting are
13  required.  During each inspection conducted by the expert, the
14  expert shall verify that Defendants' facility and the methods
15  and controls Defendants use to receive, prepare, process, pack,
16  label, hold, and distribute articles of food are in compliance
17  with the requirements of this Decree, the Act, and 21 C.F.R.
18  Parts 123 and 110, and shall certify such in the expert's report
19  submitted to Defendants and FDA concurrently as described in
20  this paragraph.
21        8.    The injunctive provisions set forth in paragraph 5
22  shall not prohibit Defendants from harvesting or transporting
23  fish or fishery products, provided that Defendants do not
24  otherwise engage in processing, as defined by 21 C.F.R.
25  § 123.3(k)(1), or from practices such as heading, eviscerating,
26  or freezing intended solely to prepare fish for holding on board
27  a harvest vessel, within the meaning of 21 C.F.R.
28  § 123.3(k)(2)(i)-(ii).

-11 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

1        9.    Defendants and each and all of their agents,

2  representatives, employees, attorneys, successors, assigns, and

3  any and all persons in active concert or participation with any

4  of them (including individuals, directors, corporations,

5  subsidiaries, affiliates, and partnerships) who receive actual

6  notice of this Decree, are permanently restrained and enjoined

7  under the provisions of 21 U.S.C. § 332(a) from directly or

8  indirectly doing or causing any act that:

9        A.  violates the Act, 21 U.S.C. § 331(a), by introducing

10  or delivering for introduction into interstate commerce, and/or

11  causing the introduction or delivery for introduction into

12  interstate commerce, any article of food, within the meaning of

13  21 U.S.C. § 321(f), that is adulterated, within the meaning of

14  21 U.S.C. § 342;

15        B.  violates the Act, 21 U.S.C. § 331(k), by causing any

16  article of food to become adulterated within the meaning of 21

17  U.S.C. 342, while such article is held for sale after shipment

18  in interstate commerce; and/or

19        C.  results in the failure to implement and continuously

20  maintain the requirements of this Decree.

21      10.  FDA shall be permitted, without prior notice and as

22  and when FDA deems necessary, to make inspections of Defendants'

23  operations, and, without prior notice, to take any other

24  measures necessary to monitor and ensure continuous compliance

25  with the terms of this Decree, the Act, and all applicable

26  regulations.  During the inspections, FDA shall be permitted to

27  have immediate access to buildings, equipment, raw ingredients,

28  in-process and finished articles of food, containers, and

- 12 -

1    packaging material therein; to take photographs and make video

2    recordings; to take samples of raw ingredients, in-process, and

3    finished articles of food, containers, and packaging material;

4    and to examine and copy all records related to receiving,

5    preparing, processing, packing, labeling, holding, and

6    distributing any and all articles of food.  The inspections

7    shall be permitted upon presentation of a copy of this Decree

8    and appropriate credentials.  The inspection authority granted

9    by this Decree is apart from, and in addition to, the authority

10   to make inspections under the Act, 21 U.S.C. § 374.

11       11.  Defendants shall promptly provide any information or

12   records to FDA upon request regarding the receiving, preparing,

13   processing, packing, labeling, holding, and distributing of

14   articles of food.  Defendants shall maintain copies of their

15   HACCP plans, and all records required by their HACCP plans, 21

16   C.F.R. Parts 110 and 123, and this Decree, at the facility in a

17   location where they are readily available for reference and

18   inspection by FDA.  All records required to be kept by the HACCP

19   plans, regulations, and this Decree shall be retained for at

20   least three (3) years after the date they are prepared and shall

21   be presented immediately to FDA investigators upon request.

22       12.  Defendants shall pay all costs of FDA's supervision,

23   inspections, investigations, sampling, testing, analyses,

24   examinations, reviews, and document preparation that FDA deems

25   necessary to evaluate Defendants' compliance with this Decree,

26   at the standard rates prevailing at the time the costs are

27   incurred, and Defendants shall make payment in full to FDA

28   within thirty (30) calendar days of receiving written

- 13 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

1   notification from FDA of the costs.  As of the date that this
2   Decree is signed by the parties, these rates are:  $87.57 per
3   hour and fraction thereof per representative for inspection
4   work; $104.96 per hour or fraction thereof per representative
5   for analytical or review work; $0.555 per mile for travel by
6   automobile; government rate or the equivalent for travel by air
7   or other means; and the published government per diem rate or the
8   equivalent for the areas in which the inspections are performed
9   per representative and per day for subsistence expenses, where
10  necessary.  In the event that the standard rates applicable to
11  FDA supervision of court-ordered compliance are modified, these
12  rates shall be increased or decreased without further order of
13  the Court.

14      13.  If, at any time after entry of this Decree, FDA
15  determines, based on the results of an inspection, a report
16  submitted by the expert, an analysis of a sample(s), or other
17  information, that, at the facility or any other locations at
18  which Defendants, now or in the future, directly or indirectly
19  receive, prepare, process, pack, label, hold, and/or distribute
20  articles of food, Defendants have failed to comply with any
21  provision of this Decree, have violated the Act or applicable
22  regulations, or that additional corrective actions are necessary
23  to achieve compliance with this Decree, the Act, or applicable
24  regulations, FDA may, as and when it deems necessary, order
25  Defendants in writing to take appropriate action, including, but
26  not limited to, ordering Defendants immediately to take one or
27  more of the following actions:

28

- 14 -

A.   Cease receiving, preparing, processing, packing, labeling, holding, and/or distributing articles of food;

B.   Recall all articles of food that have been distributed or are under the custody and control of Defendants' agents, distributors, customers, or consumers;

C.   Institute or re-implement any of the requirements set forth in this Decree; and/or

D.   Take any other corrective actions as FDA deems necessary to protect the public health and/or bring Defendants into compliance with this Decree, the Act, and all applicable regulations.

Defendants shall pay all costs of recalls and other corrective actions, including the costs of FDA's supervision, inspections, investigations, analyses, examinations, review, travel, and subsistence expenses to implement and monitor recalls and other corrective actions, at the rates specified in paragraph 12.  This provision shall be separate and apart from, and in addition to, all other remedies available to FDA.

14.  Any cessation of operations or other corrective actions as described in paragraph 13 shall be implemented immediately and continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this Decree, the Act, and all applicable regulations.

15.   Within ten (10) calendar days of the date of Defendants' notice to FDA as described in paragraph 4, Defendants shall post a copy of this Decree in a conspicuous location in the employee common areas at the facility and at any other locations at which Defendants receive, prepare, process,

- 15 -

pack, label, hold, and/or distribute articles of food, and shall ensure that the Decree remains posted for a period of at least twelve (12) months.

16.   Within ten (10) calendar days of the entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings for all employees, at which they shall describe the terms and obligations of this Decree.

17.   Within fifteen (15) calendar days after the entry of this Decree, Defendants shall provide a copy of the Decree, by personal service or by certified mail (restricted delivery, return receipt requested), to each and all of Defendants' agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, and partnerships).  Within thirty (30) calendar days after the entry of this Decree, Defendants shall provide the FDA San Francisco District Director, at the address set forth in paragraph 20, and plaintiff's attorneys, an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of Defendants' compliance with this paragraph and identifying the names and positions of all persons so notified.

18.   In the event that any Defendant becomes associated with any additional agents, representatives, employees, attorneys, successors, assigns, or any additional persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates,

- 16 -

and partnerships) at any time after entry of this Decree,
Defendants shall provide a copy of this Decree, by personal
service or certified mail (restricted delivery, return receipt
requested) to such persons.  Within ten (10) calendar days of
each instance that any Defendant becomes associated with any
such additional persons, Defendants shall provide to FDA an
affidavit stating the fact and manner of Defendants' compliance
with this paragraph, identifying the names, addresses, and
positions of all person who received a copy of this Decree
pursuant to this paragraph, and attaching a copy of the executed
certified mail return receipts.  Within ten (10) calendar days
of receiving a request from FDA for any information or
documentation that FDA deems necessary to evaluate Defendants'
compliance with this paragraph, Defendants shall provide such
information or documentation to FDA.

19.  Defendants shall notify the FDA San Francisco District
Director, in writing, at the address set forth in paragraph 20,
at least twenty (20) calendar days before any change in
ownership, name, or character of their business, including
reorganization, relocation, dissolution, assignment, bankruptcy,
resulting in emergence of a successor corporation, the creation
or dissolution of subsidiaries, or any other change in the
corporate structure of Fujino Enterprises, Inc., doing business
as Blue Ocean Smokehouse, or the lease, sale, or assignment of
any business assets, such as buildings, equipment, or inventory,
that may affect compliance with this Decree.  Defendants shall
provide any prospective successor or assign a copy of this

- 17 -

1   Decree at least ten (10) calendar days before the assignment or

2   change in business, and shall furnish FDA with an affidavit of

3   compliance with this paragraph no later than ten (10) calendar

4   days prior to such assignment or change in business.

5       20.  All notifications, correspondence, and communications

6   to FDA required by the terms of this Decree shall be submitted

7   to the Director, FDA San Francisco District Office, 1431 Harbor

8   Bay Parkway, Alameda, CA 94502, and shall reference this civil

9   action by case name and civil action number.

10      21.  If any Defendant fails to comply with any of the

11  provisions of this Decree, the Act, and/or applicable

12  regulations, then Defendants shall pay to the United States of

13  America the sum of five thousand dollars ($5,000) in liquidated

14  damages for each day such violation continues and an additional

15  sum of five thousand dollars ($5,000) in liquidated damages for

16  each violation of this Decree, the Act, and/or applicable

17  regulations (e.g., if two violations occur for two business

18  days, the liquidated damages shall be $20,000), and an

19  additional sum equal to twice the retail value of each shipment

20  of an adulterated article of food in liquidated damages for each

21  such unlawful shipment.  Defendants understand and agree that

22  the liquidated damages specified in this paragraph are not

23  punitive in nature and their imposition does not in any way

24  limit the ability of the United States to seek, or the Court to

25  impose, additional civil or criminal penalties to be paid by

26  Defendants, or remedies based on conduct that may also be the

27

28

- 18 -

1   basis for payment of liquidated damages pursuant to this

2   paragraph.

3       22.   Should the United States bring, and prevail in, a

4   contempt action to enforce the terms of this Decree, Defendants

5   shall, in addition to other remedies, reimburse the United

6   States for its attorneys' fees (including overhead), travel

7   expenses incurred by attorneys and witnesses, expert witness

8   fees, administrative and court costs, investigation and

9   analytical expenses incurred in bringing the contempt action,

10   and any other costs or fees related to the contempt proceedings.

11       23.   All decisions specified in this Decree shall be vested

12   in the discretion of FDA.   FDA's decisions shall be final and,

13   to the extent that these decisions are subject to review, shall

14   be reviewed by the Court under the arbitrary and capricious

15   standard set forth in 5 U.S.C. § 706(2)(A).   Review by the Court

16   of any FDA decision rendered pursuant to this Decree shall be

17   based exclusively on the written record before FDA at the time

18   the decision was made.   No discovery shall be taken by either

19   party.

- 19 -

24.   This Court shall retain jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

SO ORDERED:

Dated this <u>21st</u> day of <u>September</u>, 2012.

_____
LAUREL BEELER
United States Magistrate Judge

- 20 -

Consent Decree of Permanent Injunction; 12-cv-1254 LB

We hereby consent to the entry of the foregoing Decree:

FOR DEFENDANTS

ERIKO FUJINO
Individually and as President
of Fujino Enterprises, Inc.,
d/b/a Blue Ocean Smokehouse.

TERENCE W. ISOBE
Attorney for Fujino
Enterprises, Inc., d/b/a Blue
Ocean Smokehouse, and
Eriko Fujino

FOR PLAINTIFF

STUART F. DELERY
Acting Assistant Attorney
    General

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant
    Attorney General

MICHAEL S. BLUME
Director

By: _LAUREN H. BELL_
LAUREN H. BELL
Trial Attorney
Consumer Protection Branch
Civil Division
Department of Justice
P.O. Box 386
Washington, DC 20044
Tel. (202) 307-0053
Fax  (202) 514-8742
Lauren.Hash.Bell@usdoj.gov

Of Counsel:

WILLIAM B. SCHULTZ
Acting General Counsel

ELIZABETH H. DICKINSON
Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel,
Litigation

MELISSA J. MENDOZA
Associate Chief Counsel
United States Department of
    Health and Human Services
Office of the General Counsel
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Tel. (301) 796-8707

- 21 -